PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMY D. OTROSINKA,

       Petitioner,

  -v-                                                12-CR-0300S
                                                       15-CV-0325S
UNITED STATES OF AMERICA,          ORDER

       Respondent.
_____

## **BACKGROUND**

Petitioner, Jeremy D. Otrosinka, was convicted in this Court, upon a plea of guilty, to one count of Possession of Child Pornography, in violation of 18 U.S.C. § § 2252A(a)(5)(B) and 2252A(b)(2), and one count of Distribution of Child Pornography, in violation of 18 U.S.C. § § 2252A(a)(2)(A) and 2252A(b)(1), and was sentenced to 90 months on both counts to be served consecutively and a lifetime period of Supervised Release. Judgment was entered on July 12, 2013. (Docket No. 43, Judgment.) He did not file a Notice of Appeal from his conviction.

On August 13, 2015, Petitioner filed a Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"), alleging ineffective assistance of counsel based on a claim that his counsel had misled him to believe that he had no right to file a notice of appeal from his conviction because he had waived his right to appeal in the Plea Agreement. (Docket No. 47, Motion to Vacate, ¶ 18, at pp. 11-12; Docket No. 55, Decision and Order, at pp. 1, 3.)[1]

---

[1] Pages references are to those generated by the Court's Case Management and Electronic Case Filing System.

On November 4, 2015, this Court, after providing Petitioner an opportunity to show cause why his Motion to Vacate should not be dismissed as untimely, *see* 28 U.S.C. § 2255(f)(1), dismissed the Motion to Vacate as untimely. Petitioner claimed his Motion to Vacate was timely filed under § 2255(f)(4)'s Delayed Accrual Date because he had recently discovered case law that had held that a "defendant who was incorrectly advised by counsel that no appeal was possible must be granted an opportunity to appeal" and that "a defendant [who] waived his right to appeal in a plea agreement does not waive his right to file an ineffective assistance of counsel claim." (Docket No. 51, Timeliness Response Form; *see also* Docket No. 53, Memorandum of Law Supporting § 2255, ¶ 7 (quoting *Garcia v. United States*, 278 F.3d 134 (2d Cir. 2002)); Docket No. 55, Decision and Order, at pp. 4-5.) The Court determined that the discovery of case law in support of Petitioner's claim of ineffective assistance of counsel was not "a new fact for purposes of the delayed accrual of § 2255(f)(4)" (Docket No. 55, Decision and Order, at 5-6), and that, while Petitioner was not relying on a claim of equitable tolling of the period of limitations, he did not meet the criteria to establish a basis for equitable tolling (*id.*, at 8-9.) Petitioner did not file a Notice of Appeal from the dismissal of his Motion to Vacate.

On June 9, 2016, Petitioner filed a "Motion to Amend 2255 and Add to the Record" seeking to "file additional evidence to amend the original 2255 [Motion to Vacate]" and add additional claims or "[g]rounds [f]or [r]elief" in support of his Motion. (Docket No. 56.) The Motion to Amend raises two grounds for relief: (1) that the sentencing enhancements set forth in United States Sentencing Guidelines Section 2G2.2 are "[in]compatible with due process [and] [18 U.S.C. §] 3553(a)'s Sentencing

Factors", and (2) that Congress "lacked constitutional authority to raise the penalties against child pornography offenses, specifically the sentencing enhancements brought by the PROTECT ACT of 2003, which can be found under [S]ection 2G2.2 of the Federal Sentencing Guidelines Manual, because Congress based their conclusions on superfluous evidence, acting ultra vires." (*Id.*, at p 3.)[2] Petitioner again asserts that the Motion to Amend is timely, stating that "because after and during exercising diligence, [he] had learned of the existence of additional facts that merit the assertion of additional relief, justice requires [he] be given an opportunity to be heard, and to add to the original complaint." (*Id.*, at p. 1.)

For reasons set forth below, the Court finds that the Motion to Amend must be denied because the Court does not have before it simultaneously both the original Motion to Vacate and the Motion to Amend, *see Whab v. United States*, 408 F.3d 16, 119 (2d Cir. 2005), and liberally construing the Motion to Amend as a new Motion to Vacate under 28 U.S.C. § 2255(h), the new Motion to Vacate must be transferred to the United States Court of Appeals for the Second Circuit as a "second" or "successive" Motion to Vacate. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996) (per curiam) (when a second or successive petition for habeas corpus is filed in district court without authorization by the Second Circuit, district court should transfer petition to Second Circuit in the interest of justice pursuant to § 1631)).

## DISCUSSION

### A. Motion to Amend

As noted, Petitioner's original Motion to Vacate was filed on April 13, 2015 and dismissed as untimely on November 4, 2015. (Docket No. 55, Decision and Order.)

---

[2] Petitioner's Motion to Amend and Affirmation in Support were docketed as one Item.

Accordingly, at the time Petitioner filed the instant Motion to Amend, the Court did not have before it simultaneously both the original Motion to Vacate and the Motion to Amend. Pursuant to the Second Circuit's decision in *Whab*, 408 F.3d at 119, a district court should not entertain a motion to amend a previously filed motion to vacate (habeas petition) where the district court does not have before it simultaneously both the original motion to vacate and the motion to amend. *Id.*

> In *Whab*, the Second Circuit reasoned:
>
> [I]n the instant case, the district court never had the two petitions before it simultaneously. Before the subsequent petition was filed, the initial petition had already moved to appellate proceedings. This court has since denied a [Certificate of Appealability], so that the earlier petition will not be before the district court when this petition enters its docket. We can see no reason in these circumstances to instruct the district court to treat the new petition as a motion to amend the initial petition.

*Id.* at 119. *See also Williams v. United States*, No. 00 CR. 1008 NRB, 2013 WL 239839, at *2 (S.D.N.Y. Jan. 23, 2013) ("Subsequent decisions interpreting *Whab* have confirmed that a motion to amend a habeas petition is improper when the district court does not have that petition simultaneously before it.") (collecting cases)). The Motion to Amend was filed on June 9, 2016 and the Decision and Order dismissing the original Motion to Vacate was entered on November 4, 2015. The Court did not simultaneously have before it both the original Motion to Vacate and the instant Motion to Amend. The Motion to Amend is therefore improperly before the Court and the Court, pursuant to *Whab*, cannot entertain it. *See Williams*, 2013 WL 239839, at *3.

Moreover, the proposed amendment to the original Motion to Vacate is untimely and would be denied on that basis. As this Court previously determined, the original Motion to Vacate was not brought timely under either 28 U.S.C. § 2255(f)(1) (date

conviction became "final") nor (f)(4)("delayed accrual"). Accordingly, any Motion to Amend the untimely original motion is also untimely.

And, as noted in the Decision and Order, the discovery of case law is not a new fact for purposes of the delayed accrual of § 2255(f)(4). (Docket No. 55, Decision and Order, at 5-6.) Similarly, the Motion to Amend does not raise any new facts in support of the claims Petitioner seeks to raise herein and relies merely on legal arguments and case law in support of his arguments that his sentence was unconstitutional. (Docket No. 56, Motion to Amend, at 3-7.)

### B. Motion to Amend Construed as Second or Successive Motion to Vacate

A court must liberally construe a pro se litigant's pleadings "to raise the strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 470, 471 (2d Cir. 2006) (per curiam) (internal quotations and citations omitted), and, accordingly, the Court hereby construes the Motion to Amend as a new Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. However, because any new Motion to Vacate would be a "second" or successive" Motion under § 2255(h), this Court has no jurisdiction to entertain it and it should be transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d. Cir. 1996).

According to the Docket Report, Petitioner did not file a Notice of Appeal from the dismissal of his original Motion to Vacate. The adjudication of the original Motion to Vacate therefore became final at the conclusion of Petitioner's time to file a Notice of Appeal from the dismissal of the original Motion to Vacate or, in other words, 14 days from entry of the Decision and Order on November 6, 2015. *See* Fed. R. App. P.,

4(b)(1)(A). Because the original Motion to Vacate had been finally adjudicated, any subsequently filed Motion to Vacate is a second or successive Motion.

Before a petitioner can bring a second or successive Motion to Vacate pursuant to 28 U.S.C. § 2255, he must first obtain permission from the Court of Appeals to file a second or successive Motion. 28 U.S.C. § 2244(h). A Motion to Vacate is second or successive if a prior Motion to Vacate "raising claims regarding the same conviction [ ] has been decided on the merits." *Corraro v. United States*, 152 F.3d 188, 191 (2d Cir. 1988). A Motion to Vacate dismissed as untimely is generally considered a decision on the merits. *See Murray v. Greiner,* 394 F.3d 78, 81 (2d Cir.2005); *see also Villanueva v. United States,* 346 F.3d 55, 58 (2d Cir.2003) (motion under 28 U.S.C. § 2255 considered second or successive if prior motion dismissed as untimely). Thus, if Petitioner's Motion to Amend is construed as a new Motion to Vacate under § 2255 challenging the same conviction, it is a second or successive motion and must be transferred to the Second Circuit for consideration by that Court as to whether to authorize the filing of a second or successive Motion.

The Second Circuit has held that "it is clear that for a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of 'a proceeding that 'counts' as the first. A petition that has reached final decision counts for this purpose.'" *Ching v. United States,* 298 F.3d 174, 177 (2d Cir. 2002) (quoting *Littlejohn v. Artuz,* 271 F.3d 360, 363 (2d Cir. 2001)). "When a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." *Ching,* 298 F.3d at 177. Because Petitioner's Motion to

Amend was filed after the denial of his original Motion to Vacate on the merits, it is a second or successive Motion.  *Cf. Duran v. United States*, No. 00 CIV.407(RCC), 2002 WL 867864, at *4 (S.D.N.Y. May 3, 2002) (citing *Johnson v. United States,* 196 F.3d 802, 805 (7th Cir. 1999) (holding that, while an initial section 2255 motion is pending, a district court must consider the amendments under the Federal Rules of Civil and Criminal Procedure without regard to sections 2244(b) and 2255); *Newton v. Coombe*, No. 95 CIV 9437 GEL, 2001 WL 799846, at *8 (S.D.N.Y. July 13, 2001) ("Since [the initial habeas] petition has not yet been decided, the motion to amend is not literally a second petition, and so need not navigate the shoals of § 2244(b).").

## **CONCLUSION**

For the reasons discussed above, Petitioner's Motion to Amend (Docket No. 56) seeking to amend the original Motion to Vacate is denied.  The Motion to Amend is hereby construed as a second or successive Motion to Vacate, Set Aside or Correct or Correct the Sentence pursuant to 28 U.S.C. § 2255, and the Clerk of the Court is directed to transfer the Motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:    July 11, 2016
          Buffalo, NY