PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMY D. OTROSINKA,

                Petitioner,

     -v-                                           12-CR-0300S

                                                    ORDER

UNITED STATES OF AMERICA,

                Respondent.
_____

      1.  Petitioner, Jeremy D. Otrosinka, was convicted in this Court, upon a plea of guilty, to one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), and one count of Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and was sentenced to 90 months on both counts to be served consecutively and a lifetime period of Supervised Release.  A Judgment of Conviction was entered on July 12, 2013.  (Docket No. 43, Judgement.)  Petitioner did not appeal from his conviction.

      2.  On April 13, 2015, Petitioner filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"), alleging ineffective assistance of counsel based on a claim that his attorney had misled him into believing that he had no right to file a notice of appeal from his conviction because he had waived his right to appeal in the Plea Agreement.  (Docket No. 47, Motion to Vacate, ¶ 18 at pp. 11-12; Docket No. 55, Decision and Order, at pp. 1, 3.)

3.   On November 4, 2015, the Court filed a Decision and Order denying the Motion to Vacate as time-barred; the Decision and Order was entered on November 6, 2015.  (Docket No. 55, Decision and Order).  Petitioner had claimed that his Motion to Vacate was timely filed under § 2255(f)(4)'s "Delayed Accrual Date" because he had recently discovered case law that had held that a "defendant who was incorrectly advised by counsel that no appeal was possible must be granted an opportunity to appeal" and that "a defendant [who] waived his right to appeal in a plea agreement does not waive his right to file an ineffective assistance of counsel claim."  (Docket No. 51, Timeliness Response Form; *see also* Docket No. 53, Memorandum of Law Supporting § 2255, ¶ 7 (quoting *Garcia v. United States*, 278 F.3d 134 (2d Cir. 2002)); Docket No. 55, Decision and Order, at pp. 4-5.)  The Court determined that the discovery of case law in support of Petitioner's claim of ineffective assistance of counsel was not "a new fact for purposes of the delayed accrual of § 2255(f)(4)" (Docket No. 55, Decision and Order, at 5-6), and that, while Petitioner was not relying on a claim of equitable tolling of the period of limitations, the Court liberally construed his papers as raising such a claim and found that Petitioner had not met the criteria to establish a basis for equitable tolling (*id.*, at 8-9.)

4.   The Court, in addition to denying the Motion to Vacate, also denied a Certificate of Appealability.  (*Id.* at 10-11.)  Petitioner did not file a Notice of Appeal from the Decision and Order denying his Motion to Vacate.  A separate judgment was not entered.  *See* 28 U.S.C. § 2255(d) ("An appeal may be taken to the court of appeals from the *order* entered on the motion as from a final judgment on application for a writ of habeas corpus.") (emphasis added)); *see also Cordon v. Greiner*, 274 F. Supp. 2d 434,

436 n.1 (S.D.N.Y. 2003) ("[A] § 2255 motion, at least within the confines of the Second Circuit, 'is not subject to Rule 58 of the [Federal Rules of Civil Procedure], and there is no justification for entering a judgment upon the denial of such a motion.'") (quoting *Williams v. United States*, 984 F.2d 28, 30 (2d Cir. 1993)).

5.   On June 9, 2016, Petitioner filed a "Motion to Amend 2255 and Add to the Record" seeking to "file additional evidence to amend the original 2255 [Motion to Vacate]" and add additional grounds for relief in support of his Motion.  (Docket No. 56, "Motion to Amend".)  The Motion to Amend raised two additional grounds for relief:  (1) that the sentencing enhancements set forth in United States Sentencing Guidelines Section 2G2.2 are "[in]compatible with due process [and] [18 U.S.C. §] 3553(a)'s Sentencing Factors", and (2) that Congress "lacked constitutional authority to raise the penalties against child pornography offenses, specifically the sentencing enhancements brought by the PROTECT ACT of 2003, which can be found under [S]ection 2G2.2 of the Federal Sentencing Guidelines Manual, because Congress based their conclusions on superfluous evidence, acting ultra vires."  (Motion to Amend, at pp 3.)[1]  Petitioner again asserted that the Motion to Amend was timely "because after and during exercising diligence, [he] had learned of the existence of additional facts that merit the assertion of additional relief, justice requires [he] be given an opportunity to be heard, and to add to the original complaint."  (*Id.*, at p. 1.)

6.   On July 12, 2016, the Court entered a Decision and Order denying the Motion to Amend, and liberally construing the Motion as a "second" or "successive" Motion to Vacate and transferring it to the Second Circuit pursuant to 28 U.S.C. § 1631.  (Docket No. 57.)  The Court found that because the original Motion to Vacate and Motion to

---

[1] Petitioner's Motion to Amend and Affirmation in Support were docketed as one item.

Amend were not before it simultaneously, the Motion to Amend had to be denied.  (*Id.*, at pp. 4-5 (quoting *Whab v. United States*, 408 F.3d 16, 119 (2d Cir. 2005).)  The Court also liberally construed the Motion to Amend as a second or successive Motion to Vacate and found that because the "first" Motion to Vacate had been denied on the merits, the recharacterized Motion to Amend had to be transferred to the Second Circuit for a determination whether the Second Circuit would authorize the filing of a second or successive Motion to Vacate pursuant to 28 U.S.C. § 2244(h).   (Docket No. 57, Decision and Order, at pp. 5-7.)  The Clerk of Court thereafter transferred the Motion to Amend to the Second Circuit as a second or successive Motion to Vacate under 28 U.S.C. § 2255.

7.  On July 25, 2016,[2] Petitioner filed the instant Motion requesting this Court to enter a new Judgment because he had never received a copy of the Court's Decision and Order denying his Motion to Vacate.  (Docket No. 59, "Motion for New Judgment.")  The Motion for New Judgment also notes that Petitioner did not wish to file a second or successive Motion to Vacate "at this time [and] he would like to be given the opportunity to appeal [from] the November 4, 2015 Order [denying his Motion to Vacate.]"  (*Id.*)

8.  Petitioner's Motion for New Judgment is, in effect, a motion for an extension of time to file a notice of appeal, *see* Federal Rule of Appellate Procedure 4(a)(5), or to reopen the time to file an appeal, *id.*, 4(a)(6).  *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("[f]ederal courts sometimes will ignore the legal label that a *pro se*

---

[2] Pursuant to the "prison mailbox rule," the Motion was filed on July 20, 2015 or, in other words, the date the Motion was signed and dated.  *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (a *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing); *see also Johnson v. Coombe*, 156 F. Supp. 2d 273 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, '[a]bsent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.'" (quoting *Torres v. Irvin*, 33 F. Supp. 2d 257, 270 (S.D.N.Y. 1998) (citing cases)).

litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category").  The Court, were it to grant the Petitioner's request to enter a new Judgment or Order denying the Motion to Vacate, filed November 4, 2015 and entered November 6, 2015 (Docket No. 55) would, in effect, be granting Petitioner an extension of time to file a notice of appeal or to reopen the time to file an appeal based on his non-receipt of the Decision and Order denying the Motion to Vacate.[3]

9.  The filing of a notice of appeal from an order disposing of a Motion to Vacate under 28 U.S.C. § 2255 is governed by Federal Rule of Appellate Procedure 4(a).  Rule 11(b) of the Rules Governing Section 2255 Cases in the United States District Courts. A notice of appeal in a proceeding under § 2255 must be filed within 60 days after entry of the judgment or order inasmuch as the United States is a party to the proceeding. Fed. R. App. P. 4(a)(1)(B)(i).  The Clerk of Court is required, immediately after entry of an order or judgment, to "serve notice of the entry, as provided in [Federal Rule of Civil Procedure] 5(b), on each party who is not in default for failure to appear" and "must record service on the docket."  Fed. R. Civ. P. 77(d)(1).  "Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the Court to relieve—a party for failing to appeal within the time allowed, except as allowed by the Federal Rule of Appellate Procedure 4(a)."  Fed. R. Civ. P. 77(d)(2).  *See Diallo v. United States*, No. 13 CIV. 6147 LAK, 2014 WL 1744177, at *1 (S.D.N.Y. Apr. 28, 2014).  Petitioner's lack of notice of entry of the Decision and Order denying his Motion to Vacate, therefore, did not relieve him of his obligation to file a notice of appeal within 60 days of entry of the Decision and Order and he therefore cannot appeal from said Decision and Order at

---

[3] The Notice of Electronic Filing of the Decision and Order denying the Motion to Vacate indicates that the Decision and Order was delivered by first-class mail to Petitioner at his last known and current address— Milan, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

this time unless he filed a timely motion for an extension of time to file a notice of appeal or a timely motion to reopen the time to file an appeal.

10.   Federal Rule of Appellate Procedure 4(a)(5) provides that the district court may extend the time to file a notice of appeal if:  "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."  In other words, a motion for an extension of time must have been filed by the Petitioner herein within 90 days of entry of the Decision and Order.  "The power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed[,]" *Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000), and a district court "lacks jurisdiction to grant any extension motion that is not filed with Rule 4(a)(5)'s 30-day grace period. "  *Cohen v. Empire Blue Cross and Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998) (internal quotations and citation omitted); *see also Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) ("[T]he court may not extend this grace period unless a party so moves no later than 30 days after the expiration of the original time to file a notice of appeal under Rule 4(a).") (internal quotations and citations omitted)).

11.   Petitioner's Motion for New Judgment was filed on July 20, 2016, *see* n. 3, *supra*, well outside the 30-day grace period.  In fact, the Motion was filed 257 days after entry of the Decision and Order denying the Motion to Vacate on November 6, 2015. (Docket No. 55).

12.   Federal Rules of Appellate Procedure 4(a)(6), permits a district court to reopen the time to file an appeal for a period of 14 days if each of the following conditions are met:   (1) "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order . . . within 21 days after entry," (2) "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier," and (3) "the court finds that no party would be prejudiced."   The time requirements are "mandatory and jurisdictional."   *Bowles v. Russell,* 551 U.S. 205, 209 (2007).

13.   Petitioner submits that he did not receive notice under Federal Rule of Civil Procedure 77(d) of entry of the Decision and Order denying his Motion to Vacate (Docket No. 59) and, in fact, claims that he has never received a copy of said Decision and Order.   On July 25, 2016, *see* n.3, *supra*, Petitioner filed an "Urgent Notice" stating that he was "never given notice" of the Decision and Order and requesting that the Court forward him a copy of the Decision and Order.   (Docket No. 60.)   He also submitted a copy of a Freedom of Information Act Request he forwarded to the United States Bureau of Prisons asking for a copy of the "Special Mail (legal mail) Log Book" from the Federal Correctional Institution, Milan, between the dates of November 1 and December 31, 2015—the time period in which he should have received a copy of the Decision and Order denying the Motion to Vacate.   (Docket No. 60.)

14.   Even assuming, as claimed, that Petitioner did not receive notice of the Decision and Order within 21 days after its entry,[4] his instant Motion for New Judgment was not filed "within 180 days of entry of the Decision and Order or within 14 days after the party receives notice of the entry, *whichever is earlier*. Fed. R. App. P. 4(a)(6).  A district court lacks jurisdiction to reopen the time to file an appeal under Rule 4(a)(6), even where a party did not receive notice of entry of the order within 21 days after its entry, if the motion is filed more than 180 days after entry of the order.  *Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir. 1994); *Cordon*, 274 F.3d at 440; *see also Perfetto v. Kuhlman*, 152 F.3d 920 (2d Cir. 1998) (Summary Order, Unpublished Disposition referenced in "Table of Decisions without Reported Opinions) ("Rule 4(a)(6) establishes 'an outer time limit of 180 days for a party who fails to receive timely notice of a judgment.'") (quoting Fed. R. App. P. 4(a)(6) Advisory Committee Notes to 1991 Amendment; and citing *Zimmer St. Louis, Inc. v. Zimmer Co.,* 32 F.3d 357, 360 (8th Cir. 1994) (quoting Advisory Committee Notes)); *Garner v. Klein*, 882 F. Supp. 66, 67 (S.D.N.Y. 1995) ("As pointed out in the Advisory Committee notes that accompany the 1991 amendment . . . . [t]his provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal . . . .").  As noted above, the Motion for New Judgment was filed 257 days after entry of the Decision and Order denying the Motion to Vacate pursuant to § 2255

---

[4] The Court has no basis to question Petitioner's claim that he did not receive notice of entry of the Decision and Order.  He filed a Motion to Amend the Motion to Vacate which, at the least, implies that he was unaware of the Decision and Order and, as soon as he received a copy of the Court's Decision and Order denying his Motion to Amend and transferring it to the Second Circuit as a second or successive Motion to Vacate, he filed the instant Motion asking the Court to enter a new judgment and noting that he did not wish to file a second or successive motion to vacate at this time but wanted the opportunity to appeal from the Decision and Order denying his Motion to Vacate.  (Docket No. 59.)  He also immediately sought a copy of the Decision and Order and submitted a Freedom of Information Request to the Bureau of Prisons asking for copies of the Correctional Institutions legal mail logs for the time period in question. (Docket No. 60.)

(November 6, 2015 (date of entry of Decision and Order) through July 20, 2015 (date of mailing of Motion for New Judgment)).   Accordingly, Petitioner's Motion for New Judgment, construed herein as a Motion for an Extension of Time to File a Notice of Appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5), or to Reopen Time to File an Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), was not filed timely and must be denied.

WHEREFORE, it is hereby ORDERED that Petitioner's Motion for New Judgment (Docket No. 59), construed herein as a Motion for an Extension of Time to File a Notice of Appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5), or as a Motion to Reopen Time to File an Appeal is **DENIED**;

FURTHER, that leave to appeal as a poor person is **DENIED** inasmuch as the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith.   Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, within 60 days of the date of the Order in this action.   *See* Rule 11(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts; Fed. R. App. P. 4(a)(1)(B)(i).   Requests to proceed on appeal as poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure;

FURTHER, that the Clerk of Court shall forward to Petitioner, along with a copy of this Order, the Decision and Order denying the Motion to Vacate, entered November 6, 2015 (Docket No. 55); and

FURTHER, that the Clerk of Court is directed to provide Petitioner with copies of the unreported decisions cited above, *Diallo v. United States*, No. 13 CIV. 6147 LAK, 2014 WL 1744177 (S.D.N.Y. Apr. 28, 2014), and *Perfetto v. Kuhlman*, 152 F.3d 920 (2d Cir. 1998), in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:  August 9, 2016
         Buffalo, NY