UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMY D. OTROSINKA,

       Petitioner,

  -v-                                                     12-CR-300S
                                                            ORDER
UNITED STATES OF AMERICA,

       Respondent.
_____

       1.      Petitioner Jeremy D. Otrosinka, proceeding *pro se*, moves this Court to issue a Writ of Audita Querela pursuant to 28 U.S.C. § 1651. Otrosinka was convicted in this Court, upon a plea of guilty, for one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), and one count of Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). On July 3, 2013, he was sentenced to 90 months on both counts to be served consecutively and a lifetime period of Supervised Release, a sentence within the guideline range contemplated by his plea agreement. (Docket Nos. 25, 42.) A Judgment of Conviction was entered on July 12, 2013. (Docket No. 43.)

       2.      The writ of audita querela is a rarely granted remedy, though the Second Circuit has explained that it "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). That is, "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." Id. Where there is no

colorable claim of a constitutional violation, the absence of other avenues of collateral attack does not give rise to serious constitutional questions, id., and Otrosinka raises no colorable claim here.

3. Pursuant to the terms of his written plea agreement, Otrosinka "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court [that] falls within or is less than the sentencing range for imprisonment" set forth in the Plea Agreement, namely 168 to 210 months. (Docket No. 25, Plea Agreement at ¶ 22.) The Court's sentence of 180 months was within the scope of that waiver. Such a waiver applies both to petitions for habeas relief pursuant to 28 U.S.C. § 2255, see, e.g., Lisnoff v. United States, No. 05-CV-1209 (NGG), 2006 WL 1367413, at *2-3 (E.D.N.Y. May 18, 2006), and to petitions for a writ of audita querela. See, e.g., Mata-Soto v. United States, 558 Fed. App'x 844, 848 & n. 3 (10th Cir. 2014) ("[T]he fact that [the defendant] initiated [claims falling within the scope of a knowing and voluntary appellate waiver] by the filing of a petition seeking a writ of audita querela . . . does not relieve him from the effect of his appellate waiver."); United States v. Tyler, No. 04 CR 1060, 2009 WL 1953199, at *1 (E.D.N.Y. July 7, 2009) (concluding that petition for writ of audita querela was procedurally barred based on court's imposition of term of imprisonment that fell within valid waiver provision of plea agreement).

4. Moreover, the writ of audita querela is unavailable because judicial remedies existed for Otrosinka to challenge his conviction and sentence, such as a petition brought pursuant to 28 U.S.C. § 2255, of which he has already taken advantage. See, e.g., Pipola v. United States, 430 Fed. App'x 31, 32 (2d Cir. 2011) ("Here, the writ of audita querela is not an available remedy, because, as a federal prisoner challenging

the legality of his conviction, the relief Pipola seeks is covered by statute: 28 U.S.C. § 2255(a). This conclusion is not undermined by the fact that any Section 2255 motion filed by Pipola must satisfy the threshold requirements applicable to successive Section 2255 motions . . . .") (citations omitted); Brown v. United States, No. 11 CV 3580(RJD), 2011 WL 4543060, at *1 (E.D.N.Y. Sept. 23, 2011) ("The writ of audita querela . . . [was] improperly invoked in this case. Because petitioner is challenging the validity of a federal conviction, the proper vehicle is the federal habeas statute, 28 U.S.C. § 2255."). Indeed, although the statute of limitations barred Otrosinka's earlier challenge, "[Section] 2255 is not inadequate or ineffective merely because it is barred by the statute of limitations" or because a defendant knowingly and voluntarily waived his § 2255 rights. Mata-Soto, 558 F. App'x at 848 n. 3 (citing Sines v. Wilner, 609 F.3d 1070, 1073-74 (10th Cir. 2010)); see also United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."). In short, the fact that Otrosinka cannot bring an appeal or a § 2255 motion does not make the writ of audita querela available.

WHEREFORE, it is hereby ORDERED that Otrosinka's Motion for a Writ of Audita Querela (Docket No. 69) is DENIED;

FURTHER that Otrosinka's Motion to Proceed in Forma Pauperis (Docket No. 68) is GRANTED;

FURTHER, that leave to appeal as a poor person is DENIED inasmuch as the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in

good faith.  Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, within 60 days of the date of the Order in this action.  See Rule 11(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts; Fed. R. App. P. 4(a)(1)(B)(i).  Requests to proceed on appeal as poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.


SO ORDERED.

Dated: October 27, 2017
      Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                  United States District Judge