UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                           **DECISION AND ORDER**
                                                                      12-CR-300S
JEREMY OTROSINKA,

                          Defendant.

## I. INTRODUCTION

Presently before this Court is Defendant Jeremy Otrosinka's Motion for Compassionate Release, which the government opposes.  See 18 U.S.C. § 3582 (c)(1)(A).  For the reasons discussed below, Otrosinka's motion is denied.

## II. BACKGROUND

On January 2, 2013, Otrosinka waived indictment and pleaded guilty to Counts 1 and 2 of a Superseding Information, which charged him with (1) possession of child pornography, in violation of 18 U.S.C. § 2252A (a)(5)(B), and (2) distribution of child pornography, in violation of 18 U.S.C. § 2252A (a)(2)(A).  (Docket Nos. 25, 26.)  These charges stem from Otrosinka's operation of an online child-pornography forum dedicated to sharing images and videos of sexual assaults and rape of children.  These convictions followed allegations that Otrosinka previously molested his minor stepdaughter. (Presentence Report, Docket No. 45, ¶ 16.)

On July 3, 2013, this Court sentenced Otrosinka to 90 months' imprisonment on the possession count and 90 months on the distribution count, to run consecutively, as well as lifetime supervised release, a $200 special assessment, and no fine, fees, or costs.  (Docket Nos. 42, 43.)  Otrosinka thus received an aggregate sentence of 180

months' imprisonment.  He is presently serving his sentence at FCI Seagoville, with a release date of September 24, 2023.[1]

On July 10, 2020, Otrosinka filed a motion for compassionate release to home confinement or for a sentence reduction to time served under 18 U.S.C. § 3582 (c)(1)(A)(i).  (Docket Nos. 75, 76, 78, 82-85.)  He argues that the possibility of contracting COVID-19 while incarcerated, even with no underlying health conditions, constitutes an extraordinary and compelling reason warranting his release.  The government opposes the motion.  (Docket No. 81.)

### III. DISCUSSION

**A.    Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

---

[1] See https://www.bop.gov/inmateloc/ (last visited September 18, 2020).

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release after proper exhaustion.  See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions.  See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute.  See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020).  A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is consistent with the applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *2 (S.D.N.Y. Apr. 1, 2020).  If the court finds, after consideration of the applicable 18 U.S.C. § 3553 (a) factors, that the defendant has met this burden, it may reduce the defendant's sentence under the statute.  See 18 U.S.C. § 3582 (c)(1)(A)(i); see also United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is mandatory and "must be strictly enforced." United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) (citing Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004)); United States v. Cassidy, 17-CR-116S, 2020 WL 1969303, at *3-8 (W.D.N.Y. Apr. 24, 2020) (finding exhaustion mandatory).  The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, [3] or (2) 30 days lapse from the date the warden of the

---

[3] The Scparta court explained the administrative process before the Bureau of Prisons as follows:

defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction:  "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13.

At issue here is the "Other Reasons" category.  The "Other Reasons" category is a catch-all provision encompassing "an extraordinary and compelling reason other than, or in combination with, the [other] reasons described."[4]  Id. n. 1 (D).

As it relates to the requirement that a sentence reduction be consistent with the

---

First, an inmate must request the warden of her facility to file a compassionate-release motion on her behalf.  28 C.F.R. § 571.61 (a). Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director.  Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

[4] The Bureau of Prisons has implemented a Program Statement to guide its own implementation of 18

applicable Sentencing Guidelines provisions, U.S.S.G. § 1B1.13 is once again the relevant provision.  It provides that a court may reduce a sentence if, after consideration of the 18 U.S.C. § 3553 (a) factors, it determines that

> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559 (c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142 (g); and
>
> (3) the reduction is consistent with this policy statement.

See U.S.S.G. § 1B1.13.

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction.  See Gileno, 448 F. Supp. 3d at 186.

**B.    Otrosinka's Motion for Compassionate Release**

**1. Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement.  To satisfy this requirement, a defendant must demonstrate that either (1)

---

U.S.C. § 3582 (c)(1)(A).  See Bureau of Prisons Program Statement 5050.50, eff. January 17, 2019 (available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query# (last visited September 18, 2020)). This Court assumes without deciding that this Program Statement is non-binding as it relates to the "Other Reasons" provision of U.S.S.G. § 1B1.13 comment n. 1 (D), and that it is therefore not constrained by what the Director of the Bureau of Prisons might consider other extraordinary and compelling reasons for sentence reduction.  See, e.g., United States v. Marks, 03-CR-6033L, 2020 WL 1908911, at *5-7 (W.D.N.Y. Apr. 20, 2020) (finding that post-First Step Act, district courts are no longer bound by the specific categories warranting sentence reduction identified by the Sentencing Commission in U.S.S.G. § 1B1.13, including affording any deference to the Director for purposes of U.S.S.G. § 1B1.13 comment n. 1 (D) ("Other Reasons")).

he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

For reasons discussed at length in two previous decisions (fully incorporated herein), this Court has found that the statutory exhaustion requirement is mandatory and cannot be excused.  See Cassidy, 2020 WL 1969303, at *3-8; United States v. Schultz, 17-CR-193S, 2020 WL 1872352, at *3-6 (W.D.N.Y. Apr. 15, 2020); see also United States v. Montanez, 15-CR-122-FPG, 2020 WL 2183093, at *2-11 (W.D.N.Y. May 5, 2020) (finding § 3582 (c)(1)(A)'s exhaustion requirement mandatory).

Here, Otrosinka submitted his request for compassionate release to the warden of FCI Seagoville on June 28, 2020, but it is unclear whether the warden acted on the request.  (Docket Nos. 79, 82.)  In any event, 30 days have lapsed since June 28, 2020, and therefore, Otrosinka has satisfied the statutory exhaustion requirement, and the government does not contend otherwise. (See Docket No. 81, p. 2 n. 1 (conceding exhaustion).)

### 2. Extraordinary and Compelling Reasons for Sentence Reduction

Otrosinka has served approximately 105 months of his 180-month sentence.  He is a 39-year-old man in good health who admits having "no underlying or preexisting health conditions."  (Motion for Compassionate Release, Docket No. 75, p. 3.)  This admission is consistent with the presentence report, which reflects that Otrosinka was in generally good physical health at the time of sentencing (July 2013).  (Presentence

Report, ¶ 81.)  Nonetheless, Otrosinka contends that even without an underlying medical condition, he is still generally at risk of contracting COVID-19 and therefore seeks release on that basis.

This argument implicates the "Other Reasons" section of U.S.S.G. § 1B1.13 comment n. 1 (D), which provides for relief if there exist extraordinary and compelling reasons for sentence reduction other than (or in combination with) what is specifically prescribed.  See United States v. Resnick, 14 CR 810 (CM), 2020 WL 1651508, at *7 (S.D.N.Y. Apr. 2, 2020) (considering compassionate-release request based on a defendant's susceptibility to COVID-19 under the "catch-all" provision of U.S.S.G. § 1B1.13 comment n. 1 (D)).

COVID-19 is the sweeping, potentially deadly, worldwide pandemic that required the President of the United States to declare a national emergency on March 13, 2020. The Centers for Disease Control and Prevention ("CDC") has determined that individuals with certain underlying medical conditions, particularly if not well controlled, are at high risk for severe illness from COVID-19.[5]  See Jones v. Wolf, No. 20-CV-361, 2020 WL 1643857, at *8 (W.D.N.Y. Apr. 2, 2020) (taking judicial notice that "for people of advanced age, with underlying health problems, or both, COVID-19 causes severe medical conditions and has increased lethality") (quoting Basank v. Decker, 449 F. Supp. 3d 205, 211 (S.D.N.Y. 2020)).  Those medical conditions consist of cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state, obesity (body mass index of 30 or higher), serious heart conditions, sickle cell disease, and Type

---

[5] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited September 18, 2020).

2 diabetes melitus.[6]  The CDC has also identified medical conditions that *might* make an individual at increased risk for severe illness from COVID-19, including liver disease and pulmonary fibrosis (damaged or scarred lung tissue).[7]

Otrosinka has none of these conditions, nor is he otherwise at high risk of contracting COVID-19.  He simply (and understandably) fears contracting COVID-19 while incarcerated.  Such a generalized fear, however, does not constitute an extraordinary and compelling reason for compassionate release.  See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); United States v. Nwankwo, No. 12 Cr. 31 (VM), 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) ("the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease"); United States v. Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020) (denying compassionate release motion where defendant failed to demonstrate a specific medical condition that placed him at extraordinary risk of infection or severe illness from COVID-19); United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for

---

[6]  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited September 18, 2020).

[7]  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited September 18, 2020).

extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13").

While this Court recognizes that FCI Seagoville initially struggled to contain the coronavirus,[8] there are presently only six positive inmate cases and one positive staff case, and in any event, institutional conditions alone do not "warrant the wholesale release of all its inmates," particularly in this case, where Otrosinka has no underlying medical conditions that make him particularly susceptible to severe illness from COVID-19.  United States v. McIndoo, 1:15-CR-142 EAW, 2020 WL 2201970, at *4 (W.D.N.Y. May 6, 2020).

Moreover, the record establishes that Otrosinka has already had COVID-19 and is now fully recovered.  (Docket 78, p. 1; Docket No. 82, pp. 20-21; Docket No. 84, p. 1; Docket No. 85, p. 1.)  Release is thus not warranted on this basis as well.[9]  See United States v. Rodriguez, 12-CR-45S, 2020 WL 4344841, at *5-6 (W.D.N.Y. July 29, 2020) (denying compassionate release to defendant who fully recovered from COVID-19); United States v. Malecki, 17-CR-18S, 2020 WL 4013050, at *4-5 (W.D.N.Y. July 16, 2020) (same); United States v. Weiskopf, 19-CR-6093G, 2020 WL 3248383, at *2 (W.D.N.Y. June 16, 2020) (denying compassionate release to defendant infected with COVID-19); United States v. Zubkov, No. 14-cr-773 (RA), 2020 WL 2520696, at *3 (S.D.N.Y. May 18,

---

[8] In total, there have been 1,324 inmate cases and 30 staff cases at FCI Seagoville.  See https://www.bop.gov/coronavirus/ (last visited September 18, 2020).  Of those, 1,314 inmates and 29 staff members have recovered.  See id.  Sadly, four inmates have died.  See id.

[9] Several courts have reasoned that, once a defendant has already contracted COVID-19, the issue becomes whether the defendant is being provided necessary and adequate medical treatment.  See United States v. Zubkov, No. 14-cr-773 (RA), 2020 WL 2520696, at *3 (S.D.N.Y. May 18, 2020); United States v. Russo, No. 16-CR-441 (LJL), 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020).  Here, Otrosinka takes no issue with the medical treatment he received.

2020) (denying compassionate release to fully recovered defendant).

Accordingly, for all of the reasons stated above, this Court finds that Otrosinka has failed to demonstrate an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13 comment n. 1 (D).

### 3. Consideration of the § 3553 (a) Factors

Even if Otrosinka had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), this Court would find that those reasons are outweighed by consideration of the § 3553 (a) factors and that Otrosinka's original sentence would be severely undermined by a sentence reduction.  See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 2020 WL 91399, at *7.   The § 3553 (a) factors include, inter alia, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553 (a).

Otrosinka's criminal conduct is particularly egregious.  He developed and ran a private, invitation-only, password-protected website dedicated to trading child pornography and discussing child sexual abuse.  (Presentence Report, ¶¶ 15-28.)  He posted to this website more than 80 times and required participants to also post child pornography or face expulsion.  (Id.)  To conceal his criminal conduct, Otrosinka used a program called "Cyber Scrub" to erase much of the data from his computer.  (Id.)  And even after law enforcement shut down his website, Otrosinka tried to create a new one

and continued to trade in child pornography.  (Id. ¶ 26.)

For this aggravated criminal activity, this Court imposed a 180-month aggregate sentence.  This is a fair, just, and reasonable sentence which, in this Court's view, would be severely undermined by a reduction to time served.  Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant.  See 18 U.S.C. § 3553 (a).  Such a reduction would also result in unwarranted sentencing disparities.  Id.  Accordingly, consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

### 4.  Consistency of a Reduction with U.S.S.G. § 1B1.13

Finally, even if Otrosinka had demonstrated extraordinary and compelling reasons for a sentence reduction that are not outweighed by consideration of the § 3553 (a) factors (which he has not), this Court would find that a sentence reduction is not consistent with U.S.S.G. § 1B1.13.  See 18 U.S.C. § 3582 (c)(1)(A) (requiring that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § 1B1.13 (2).  This inquiry requires a determination as to whether the defendant poses a danger to the safety of any person or to the community if released.

Otrosinka has admitted that he is sexually attracted to pre-teen girls and that he spent at least 60 hours per week downloading and viewing child and adult pornography.  (Presentence Report, ¶ 32.)  Disturbingly, one aspect of Otrosinka's offense conduct involved him watching and encouraging the real-time sexual abuse of a 5-year-old girl at the hands of her male babysitter whom Otrosinka connected with on his website.  (Id. ¶ 27.)  This "babysitter" would both live-stream and record his abuse of the minor victim,

after which he and Otrosinka would watch and discuss it.  (Id. 27-28.)  When this babysitter had an infant daughter of his own, he and Otrosinka discussed how she too should be groomed for sexual assault.  (Id. ¶ 28.)  Notably, Otrosinka has not yet had any sex offender treatment or counseling while incarcerated.  (Docket No. 75, p. 4.)

Given his admitted attraction to minor females, the allegations that he engaged in hands-on abuse of his stepdaughter, his lack of sex offender treatment or counseling, and the highly disturbing nature of his offense conduct, this Court finds that Otrosinka remains a danger to the community if released.  A sentence reduction is therefore precluded on this basis as well.  See Koehn, 2020 WL 4361675, at *8 (finding defendant with history of predatory behavior, including molesting minors, to pose a danger to the community); United States v. Malecki, 17-CR-18S, 2020 WL 4013050, at *7 (W.D.N.Y. July 16, 2020) (finding child pornography defendant who "went to great lengths to cloak his illegal conduct" to be a danger to the community); United States v. Roney, 10-CR-130S, 2020 WL 2846946, at *7-8 (W.D.N.Y. June 2, 2020) (denying compassionate release to child pornography defendant due, in part, to the defendant's history of sexually abusing minors); United States v. Schultz, 17-CR-193S, 2020 WL 2764193, at *8 (W.D.N.Y. May 28, 2020) (denying compassionate release to child pornography defendant due, in part, to "the manipulative and predatory nature of [his] criminal conduct and his history of sexual misconduct"); United States v. Lebrecht, 1:16-CR-166 EAW, 2020 WL 2519721, at *3 (W.D.N.Y. May 18, 2020) (denying compassionate release to child pornography defendant due, in part, to the danger the defendant poses to the

community as demonstrated by his on-line chats and other underlying offense conduct).

## IV. CONCLUSION

For all of the reasons stated above, this Court finds that compassionate release and a sentence reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted. Otrosinka's motion will therefore be denied.

## V. ORDER

IT HEREBY IS ORDERED, that Otrosinka's Motion for Compassionate Release (Docket No. 75) is DENIED.

SO ORDERED.

Dated:        September 21, 2020
              Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge